LOURIE, Circuit Judge,
dissenting.
.1 respectfully dissent from the majority’s decision to vacate and remand the decision of the Veterans Court, which affirmed the Board’s finding that Sanchez-Navarro was not entitled to a VA medical exam under 38 U.S.C. § 5103A(d) and thus could not bring a claim for post-traumatic stress disorder under 38 C.F.R. § 3.304(f).
I believe that the majority erred in two respects. First, the majority failed to follow 38 U.S.C. § 5103A(d) when interpreting 38 C.F.R. § 3.304(f)(3). The statute provides, in relevant part, that the Secretary “shall ... provid[e] a medical examination ... when such an examination or opinion is necessary to make a decision on the claim.” 38 U.S.C. § 5103A(d)(l) (emphasis added). An examination is only necessary “if the evidence of record” (1) contains “competent evidence” of a current disability, and (2) “indicates that the disability or symptoms may be associated” with the veteran’s service. Id. § 5103A(d)(2)(A)-(B) (emphasis added). If the if criteria are not met, the when result does not come into play.
The Veterans Court applied § 5103A(d) and held that “the evidence was insufficient to corroborate the occurrence of the claimed events” and that the Board’s “determination that there was insufficient evidence of an ‘event, injury, or disease occurred in service’ is not clearly erroneous.” Sanchez-Navarro v. Shinseki, No. 12-1645, 2013 WL 5496825, at *6 (Vet.App. Oct. 4, 2013). Thus, the if criteria were not met, and the medical examination was not required. Moreover, those are factual determinations over which we have no jurisdiction. We should therefore dismiss that aspect of this appeal.
The majority’s view would override the legal requirements for determining when a medical exam is “necessary,” for it states that “[i]f that proviso [of § 3.304(f)(3) ] is met, the VA is obligated to provide the veteran with a VA medical examination because such an examination would be ‘necessary1____” Maj. Op. at 1384 (emphasis added). The majority states that the regulation is “clear on its face” and thus requires a medical exam anytime the proviso is satisfied. Id. at 1383-84. The regulation is indeed clear, but it does not support the majority’s decision. The majority cannot ignore the express requirements of § 5103A(d). A medical exam may be necessary for the veteran to ultimately obtain the benefits of § 3.304(f)(3), as the majority contends. See id. But again, § 5103A(d) states that a medical exam shall be provided only when it is necessary to make a decision, and necessity is expressly defined as when the evidence of record contains competent evidence. The Board found that there was no such competent evidence here.
Moreover, the regulation is consistent with the statute; it does not purport to alter the standard laid out in § 5103A(d). Indeed, the regulation echoes the structure of § 5103A(d), with the proviso preceded by an “and,” which is preceded by an “If’ clause, which requires a psychiatrist or psychologist to confirm that the stressor is adequate to support a diagnosis of PTSD, a condition that has been found not to have occurred here, a finding which we cannot review. Yet the majority incorrectly transforms the statute’s “when” into a declarative “because,” despite the regulation’s parallel, conditional structure. The when result was not invoked here because the if criteria were not found to have been met, and we cannot review those findings.
*1386 Second, contrary to what the majority contends, the Veterans Court considered this case under 38 C.F.R. § 3.304(f)(3) and found that the section simply did not apply. Section 3.304(f)(3) lessens a veteran’s evidentiary burden if, among other things, (1) the veteran claims an in-service stres-sor related to hostile military or terrorist activity, and (2) a VA psychologist or psychiatrist confirms that the stressor supports a PTSD diagnosis and that the symptoms are related to the claimed stres-sor. The majority asserts that the Veterans Court should have applied the “more relaxed standard” of § 3.304(f)(3) instead of § 3.304(f). But § 3.304(f)(3) contains the conditional if, and the Veterans Court affirmed the Board’s finding that Sanchez-Navarro only had a therapist confirm his PTSD diagnosis. Sanchez-Navarro, 2013 WL 5496825, at *4. Thus, the psychiatrist or psychologist criterion was not met and § 3.304(f)(3) did not apply. Whether the confirmation of a PTSD diagnosis was only made by a therapist, not a psychiatrist or psychologist, is a fact question that is not before us. Because the Veterans Court did not misinterpret § 3.304(f)(3), I would therefore affirm this portion of the Veterans Court’s decision.
In my view, vacating and remanding this case, as the majority does, would put our case law in conflict with the statute and VA regulations.
Accordingly, I respectfully dissent.